```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
REED ROGALA,

                        Movant,
                                              MEMORANDUM & ORDER
        -against-                             12-MC-0752(JS)

UNITED STATES OF AMERICA,
Department of Homeland Security,

                        Respondent.
----------------------------------------X
APPEARANCES
For Movant:         Reed Rogala, pro se
                    302 Western Drive South
                    South Orange, New Jersey 07079

For Respondent:     Diane C. Leonardo-Beckmann, Esq.
                    United States Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, New York 11722
```

SEYBERT, District Judge:

Pending before the Court is pro se movant Reed Rogala's motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property that was seized pursuant to a search warrant.  For the following reasons, Mr. Rogala's motion is DENIED.

## BACKGROUND

On December 12, 2006, Magistrate Judge William D. Wall authorized search warrants for Mr. Rogala's place of business and home, respectively located at 4230 Industrial Place, Island Park, New York, and 48 Alabama Street, Long Beach, New York.  Pursuant to the search warrants, which were executed on December 13, 2006,

authorities seized eighty-two pieces of artwork including a poster collection, electronics, drug paraphernalia, and marijuana from the above-described addresses. (Docket Entry 1-1.)

The U.S. Customs and Border Protection ("CBP") undertook administrative forfeiture proceedings for the property seized on December 13, 2006. CBP sent two letters via certified mail to Mr. Rogala at 48 Alabama Street, notifying him of his right to contest the forfeiture, and the record indicates that Mr. Rogala signed the certified mail return-receipt for at least one of the letters. (Gov't Opp., Docket Entry 5-1.) CBP then placed legal notices in the New York Post on June 11, 2007, June 18, 2007, and June 25, 2007. (Gov't Opp., Docket Entry 5-3.) Mr. Rogala failed to initiate proceedings to contest the forfeiture, and his property was subsequently sold at auction.

Thereafter, on May 19, 2008, Mr. Rogala was charged by an information in the United States District Court for the Western District of Wisconsin with violating 21 U.S.C. § 846 for conspiring to distribute and possess with intent to distribute more than 1000 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). United States v. Rogala, No. 08-CR-0084 (W.D. Wisc.) (the "Criminal Docket"). In or around June 2008, Mr. Rogala waived prosecution by indictment and pled guilty to the sole count of the information pursuant to a plea agreement. (Criminal Docket Entries 8-10.) In signing the plea agreement, which was negotiated in or around

2

December 2007, Mr. Rogala waived any challenge to the guilty plea and conviction and agreed to "allow the government to liquidate his entire poster inventory seized from his home on December 13, 2006, and apply the proceeds to [his] fine amount." (Criminal Docket Entry 9 ¶¶ 2, 9.) Mr. Rogala was sentenced on January 6, 2009 to a term of 151 months in the custody of the Bureau of Prisons, to be followed by five years of supervised release, and ordered to pay a $100,000.00 fine. (Docket Entry 23.)

## DISCUSSION

Mr. Rogala filed the pending motion on October 18, 2012, seeking the return of the property seized on December 13, 2006 pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure on the grounds that the warrant was insufficient--i.e., the items seized were outside the scope of the warrant. The Government argues that Mr. Rogala's motion must be denied because: (1) he consented to the liquidation of his poster inventory when he signed the plea agreement; (2) to the extent that Mr. Rogala is challenging the forfeiture on the merits, the Court lacks jurisdiction; and (3) to the extent that he is challenging the forfeiture on the grounds of improper notice, his claim is time-barred. The Government is correct on all grounds.

First, the Second Circuit has long recognized that under no circumstances "may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to

3

appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993); accord United States v. Karimu, 470 F. App'x 45, 46 (2d Cir. 2012). As, here, Mr. Rogala does not contest the validity of the plea agreement (or of the paragraph where he consented to the liquidation of his poster inventory), he has waived his right to object to the seizure of his poster collection.

Second, "Rule 41(g) itself, 'which simply provides for the return of seized property, does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." Diaz v. United States, 517 F.3d 608, 611 (2d Cir. 2008) (quoting Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004)). Thus, given that the forfeiture proceeding here is complete--i.e., the seized property was liquidated and the funds were distributed--Mr. Rogala's request for an award of money damages for the property is barred by sovereign immunity. See Adeleke, 355 F.3d at 147 ("[S]overeign immunity bars a federal court from ordering the United States to compensate for property that cannot be returned pursuant to Rule 41(g)."); see also, e.g., United States v. Pickett, No. 07-CR-0117, 2011 WL 3876974, at *2 (E.D.N.Y. Sept. 1, 2011).

4

<u>Finally</u>, although the United States has waived sovereign immunity for challenges to forfeiture proceedings on the ground of insufficient notice, <u>see</u> 18 U.S.C. § 983(e)(1) (stating that "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture"), such a motion must be filed "not later than 5 years after the date of the final publication of notice of seizure of the property," <u>id.</u> § 983(e)(3).  As, here, the final publication date was June 25, 2007 (<u>see</u> Gov't Opp., Docket Entry 5-3), Mr. Rogala's pending motion which, which was filed on October 18, 2012, is time-barred.

CONCLUSION

For the foregoing reasons, Mr. Rogala's motion is DENIED.  The Clerk of the Court is directed to mail a copy of this Memorandum and Order to Mr. Rogala, terminate all pending motions, and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     September   13  , 2013
           Central Islip, NY

5